**Joseph Ryan HAYES, Petitioner—Appellant,**

v.

**David L. RUNNELS, Warden, Respondent—Appellee.**

**No. 02–16610.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 13, 2003.

Decided Oct. 28, 2003.

Michael A. Kresser, Sixth District Appellate Program, Santa Clara, CA, for Petitioner–Appellant.

Peggy S. Ruffra, Esq., Glenn R. Pruden, Esq., AGCA—Office Of The California, San Francisco, CA, for Respondent–Appellee.

Before: WALLACE, HALL, and O'SCANNLAIN, Circuit Judges.

### MEMORANDUM *

Joseph Hayes appeals the district court's denial of his 28 U.S.C. § 2254 habeas petition. Hayes contends that he was convicted of robbery and murder in violation of his rights under the Sixth Amendment's Confrontation Clause. We AFFIRM.

Pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a federal court cannot grant an application for a writ of habeas corpus with regard to any claim that was adjudicated on the merits by the state court unless the adjudication of the claim (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly estab-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

lished federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of evidence presented in the state court proceeding. 28 U.S.C. § 2254(d). The phrase "clearly established federal law" refers to "the holdings, as opposed to the dicta, of the [Supreme Court's] decisions as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000).

In this case, the Supreme Court's decisions in *Bruton v. United States*, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968), *Richardson v. Marsh*, 481 U.S. 200, 107 S.Ct. 1702, 95 L.Ed.2d 176 (1987), and *Gray v. Maryland*, 523 U.S. 185, 118 S.Ct. 1151, 140 L.Ed.2d 294 (1998), constitute the relevant clearly established federal law. Under this line of cases, admission of a non-testifying co-defendant's confession at a joint trial violates the Confrontation Clause if the confession facially incriminates the defendant. *Richardson*, 481 U.S. at 201–02 (summarizing *Bruton* ). A co-defendant's confession is not facially incriminating, and thus does not raise Confrontation Clause concerns, if the confession is "redacted to omit any reference to the defendant ... [even if] the defendant is nonetheless linked to the confession by evidence properly admitted against him at trial." *Id.* at 202. A redacted confession facially incriminates the defendant, however, when the redaction merely "replaces a defendant's name with an obvious indication of deletion, such as a blank space, the word 'deleted,' or a similar symbol." *Gray*, 523 U.S. at 194 (noting that these methods of redaction "accuse[ ] the defendant in a manner similar to [use of the defendant's name]").

Ruiz's redacted confession falls somewhere on the constitutional spectrum between *Richardson* and *Gray*. Unlike the confession at issue in *Richardson*, it contains several references that could lead a jury to conclude that an unnamed person or persons participated in the murder. Unlike the *Gray* confession, however, the redacted Ruiz confession does not specifically identify where words or phrases were deleted and the inference that a third person was involved is indirect. Thus, the redacted Ruiz confession does not facially incriminate Hayes in the manner deemed unconstitutional by the Supreme Court in *Gray*. In view of *Bruton, Richardson,* and *Gray*, the state court's conclusion that the redacted Ruiz confession was properly admitted was not an unreasonable application of clearly established federal law.

AFFIRMED.